UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND HEIDI LEPP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YUBA COUNTY, et al.,<br><br>Defendants. | No. 2:17-cv-1317-KJM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Several motions are pending which are addressed herein.[1]

(1) Defendant Lori Ajax moves to dismiss plaintiff Heidi Lepp's first amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, alternatively, for a more definitive statement pursuant to Rule 12(e). ECF Nos. 24.

(2) Defendants Michael Vroman and Brandon Olivera move to dismiss the amended complaint pursuant to Rule 12(b)(6) and to strike all named plaintiffs that did not sign the complaint pursuant to Rule 12(f). ECF Nos. 26, 34.

(3) Defendants the County of Yuba and Jeremy Strang have also moved to dismiss pursuant to Rule 12(b)(6), but their motion is directed at plaintiff's original complaint. ECF No. 23.

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1. (4) Defendant Chris Monaco moves to set aside his default. ECF No. 21.
2. (5) Plaintiff Lepp submitted two motions for injunctive relief (ECF Nos. 11 and 12) and a motion to amend the complaint pursuant to Rule 15 (ECF No. 44).
3. (6) Also pending is the court's September 29, 2017 order directing plaintiff to show cause why sanctions should not be imposed for failing to file oppositions or statements of non-opposition to defendants' motions. ECF No. 33.

For the reasons explained below, the order to show cause is discharged and it is recommended that Ajax, Vroman, Olivera's motions to dismiss and Monaco's motion to set aside default be granted, and that the County of Yuba and Strang's motion to dismiss and plaintiff's motion for injunctive relief and to amend the complaint be denied.[2]

I. Order to Show Cause

In violation of Local Rule 230(c), plaintiff failed to timely file either opposition or statements of non-opposition to defendants the County of Yuba, Jeremy Strang, Lori Ajax, and Michael Vroman's motions to dismiss and/or strike, and defendant Monaco's motion to set aside default. Accordingly, plaintiff was ordered to file a response to defendants' motions and to show cause why sanctions should not be imposed for violation of Local Rule 230(c). After receiving an extension of time, plaintiff filed oppositions to defendants' motions. ECF Nos. 47-50. Plaintiff, however, failed to respond to the court's order to show cause.

Given plaintiff's pro se status and that she has now filed responses to defendants' motions, the order to show cause will be discharged and no sanctions are imposed.

II. First Amended Complaint

Plaintiff's first amendment complaint spans 50 pages and consists largely of disjointed and hyperbolic allegations concerning plaintiff's displeasure over laws concerning marijuana. *See generally* ECF No. 7. For instance, plaintiff complains that Richard Nixon ignored the spiritual healing and religious uses of marijuana by wrongly labeling marijuana as a schedule one

---

[2] Because the court determined that oral argument would not be of material assistance to the court, the motions were submitted without appearance and without argument pursuant to Eastern District of California Local Rule 230(g).

drug. *Id*. She claims that the government has continued its "War on Drugs" to benefit politicians, lobbyists, corporations, for-profit prisons, and criminal enterprises. *Id*. at 4-5. She also contends that the "war on drugs" is akin "to what Adolph Hitler did to the jews," and claims that having marijuana plants seized and destroyed is similar to losing a child or parent. *Id*. at 7.

Plaintiff also alleges that she is the president of ONA Sugarleaf Rastafarian Church, which was established by her husband after passage of California Proposition 251.[3] *Id*. at 18, 20. She claims that the United States and California have attempted to destroy the church by committing countless war crimes in the form of "regulations, ordinances, legislation, fear, tyranny, hate, discrimination, robbery, theft, kidnapping, and incarceration." *Id*. at 19. She also claims that during "the course of this war," she has unsuccessfully requested law enforcement's help to "stop heinous crimes such as human trafficking, theft and grand larceny perpetuated on a 'Cannabis grower or user.'" *Id*. at 22.

Setting aside plaintiff's hyperbole, the amended complaint appears primarily concerned with three separate events: (1) drug enforcement raids occurring in Yuba County in 2014; (2) four simultaneously executed drug raids occurring in Sacramento County and Yuba County in 2016, and (3) alleged harassment by defendant Chris Monaco in 2017.

Plaintiff alleges that in 2014, the Yuba County Sherriff's Department, California Fish and Game, and an "Unidentified Support Team," executed a search warrant at plaintiff's home and place of business. *Id*. at 11-13. She claims that during the search she was physically abused, her property was destroyed, and officers improperly searched her computer for confidential documents. *Id*. at 13. Plaintiff also appears to allege that search warrant was unlawful because it was obtained without a proper or thorough investigation (*id*. at 11), and plaintiff was operating "a valid and 100% legal[] . . . Medical Cannabis Cooperative . . . ." *Id*. at 13.

Plaintiff also alleges that in September 2016, "a Terrorist Attack occurred in Yolo County by a federally funded agency called TRIDENT, working in conjunction with the local task force YONET." *Id*. at 22. The alleged "terrorist attacks" consisted of simultaneously executed raids at

---

[3] Proposition 215 enacted the Compassionate Use Act, Cal. Health & Safety Code §§ 11362.5, *et seq*.

four properties, none of which were owned by plaintiff, located in the counties of Sacramento and Yolo.[4] During the raids authorities allegedly cut down and seized hundreds of marijuana plants. *Id*. at 25. Plaintiff appears to contend that the warrants for the four raids were obtained by defendant Vroman (*id*. at 32), who is the Placer County District Attorney and head of TRIDENT. *Id*. at 26.

Plaintiff also alleges that defendant Chris Monaco, a code enforcement officer, engaged in various types of harassing conduct. *Id*. at 34-37. In 2017, Monaco allegedly admitted to entering land owned by Yubud Church—a church headed by plaintiff, her husband, and Aaron O'Connor—after receiving a complaint about an "outdoor grow." *Id*. at 35. Monaco also entered adjacent land and took pictures of the church's property and congregants. *Id*. 36. Plaintiff further alleges that Monaco "unabashedly posted hateful and discriminating comments disparaging [plaintiff's] churches." *Id*. She contends that Monaco's conduct was tantamount to stalking and spying. *Id*. at 36-37.

In addition to these three separate events, the amended complaint is scattered with various random stories, many involving individuals and entities that are not parties to this action. For instance, plaintiff generally alleges that a married couple was "terrorized" and that the husband is now potentially facing a dishonorable discharge from the United States Air Force. *Id*. at 28. The complaint also contains allegations about an investigative journalist named Simon Levi. *Id*. at 32-33. The journalist was allegedly subjected to retaliatory raids by YONET after filing complaints against multiple state court judges and United States Senator Kamala Harris. Plaintiff also details several instances of TRIDENT destroying and seizing marijuana plants owned by individuals or entities that are not parties to this suit. *See, e.g., id*. at 28 ("TRIDENT destroyed Big Red's Collectives [sic] plants . . . ."), 33-34 (Trident seized 300 pounds of marijuana from Howard Steven Bourland).

/////

/////

---

[4] Plaintiff, however, is allegedly the president of Sugarleaf Farms, Inc., which owned one of the raided properties. ECF No. 7 at 23.

The complaint purports to allege 24 claims against approximately 30 defendants, including Senator Kamala Harris, former president Bill Clinton, former Secretary of State Hillary Clinton, and former president Barack Obama. *Id*. at 1-2.

III. Defendants' Motions to Dismiss and Strike

A. Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, dismissal is appropriate if the complaint lacks a cognizable legal theory or it fails to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff is proceeding without counsel and pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But the Ninth Circuit has held that this less

stringent standard for pro se parties must still be viewed in light of *Iqbal* and *Twombly*. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

B. Rule 12(f) Standard

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question. *Id*. Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." *Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 (E.D. Cal. Jan.26, 2007) (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005)). Finally, a matter is scandalous if it improperly casts a derogatory light on a party or other person. *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D.N.J. 1984); *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 665 (7th Cir. 1992). As with motions to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light more favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000); *Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1207 (S.D. Cal. 2007).

C. Claims on Behalf of Others

Defendants Vroman and Olivera move to strike all named plaintiffs that did not sign the complaint. ECF No. 26-1 at 3-4; ECF No. 34-1 at 4-6.

Plaintiff, Heidi Lepp, is the sole signatory to the amended complaint. ECF No. 7 However, she purports to bring this action on behalf of herself and Charles Edward Lepp, Aaron O'Connor, Michele Ellis, Howard Steven Bourland, Paul Fullerton, the ONA Sugarleaf Rastafarian Church, OC Steve's Church, Lil Shop Growers Church, and her dog Lucky Lepp. ECF No. 21 at 1. There is no indication from the record that Ms. Lepp is an attorney. Unless she is an attorney she may not represent the interest of others, and may not sign pleadings on their behalf. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name— or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local Rule 183(a) requires that any individual who is representing herself without an attorney must appear personally or by courtesy appearance by an attorney and may not delegate that duty to any other individual. E.D. Cal. L.R. 183(a).

Accordingly, Ms. Lepp may not bring claims on behalf of the other individuals and churches named in the amended complaint. *See Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another); *Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986) ("The Church is an unincorporated association . . . . Unincorporated associations, like corporations, must appear through an attorney; except in extraordinary circumstances, they cannot be represented by laypersons").[5]

D. <u>Yuba County and Strang's Motion to Dismiss</u>

Defendants the County of Yuba and Jeremy Strang filed a motion to dismiss under Rule 12(b)(6), which seeks dismissal of plaintiff's original complaint. ECF No. 23. Plaintiff, however, amended her complaint as a matter of course by filing a first amended compliant shortly after initiating this action. ECF No. 7; *see* Fed. R. Civ. P. 15 (a) (allowing a complaint to be

---

[5] Charles Lepp and Aaron O'Connor have signed other pleadings filed in this action. *See* ECF No. 45 at 10; ECF No. 48 at 2; ECF No. 49 at 3; ECF No. 50 at 5. They did not, however, sign the complaint and therefore are not parties to this action.

amended "once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . ."). Curiously, Yuba County and Strang's motion acknowledges that "an Amended Complaint was filed (ECF No. 7), rendering it the operative pleading,", but then states that "[d]efendants address the complaint to the extent not considered moot by the filing of said amended complaint." ECF No. 23-1 at 2 n.2.

"[W]hen a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (internal quotation marks omitted). As the motion is directed at an inoperative complaint, it is moot and must be denied.

      E.   <u>Dismissal for Failure to State a Claim and Violation of Rule 8.</u>

As drafted, the complaint fails to provide defendants with "fair notice" of the claims asserted against them. Rather than providing a short and plain statement of plaintiff's claims, the complaint is so prolix and convoluted that identifying the factual basis for any of plaintiff's claims is nearly impossible. The first 39 pages of the complaint consist of disjointed allegations regarding various events that appear to have little relation to each other, with the remaining 11 pages consisting of little more than a list of 24 purported claims that are largely devoid of factual support. Moreover, the complaint purports to allege claims against 30 defendants, many of which are only listed in complaint's caption and not referenced in the body of the amended complaint. Furthermore, plaintiff often levies allegations against all defendants, without identifying the particular acts allegedly performed by each individual defendant. By proceeding in this fashion, it is not possible for defendants to ascertain which facts in the amended complaint support each particular claim.

Moreover, the complaint is replete with vague and conclusory allegations that fail to support a cognizable claim for relief. For instance, in support of plaintiff's first cause of action, which alleges violation of the First Amendment, plaintiff claims that defendants "are using their positions as government agents as a license to discriminate," and that "Defendants' actions engender gross obstruction of our 1st Amendment privileges." Plaintiff also purports to allege a claim for violation of the Sixth Amendment. However, the only allegations in support of the

8

claim are that "DEFENDANTS are not Victims and the courts are required by law to produce a victim," and "No Victim No Crime." *Id*. at 40. Many of plaintiff's other causes of actions are merely listed, without any factual allegations, conclusory or otherwise. *Id*. at 45-47. For example, plaintiff's fifteenth cause of action simply reads "8th Amendment," while the twenty second cause of action only states "Trespassing on sacred land and private land."

Simply put, it is impossible to glean from the complaint the specific causes of action plaintiff intends to allege against any of the individual defendants. Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. *See Schmidt v. Hermann*, 614 F.2d 1221, 1223 (9th Cir. 1980) (upholding the dismissal of a complaint where it was "impossible to designate the cause of action or causes of action attempted to be alleged in the complaint."); *In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly pleaded claim, which could be "read in seconds and answered in minutes").

The complaint also purports to allege claims against defendants that appear to be immune. It alleges claims against three judges. To the extent these claims are based on judicial acts, these defendants are immune from suit. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." The amended complaint also purports to assert claims against Michael Vroman, who is alleged to be the Placer County District Attorney. As argued by Vroman, he is entitled to absolute immunity for all actions taken within the scope of his duties.[6] *See Imbler v. Pachtman*, 424 U.S. 409, 430-

---

[6] Again, the complaint is so poorly drafted that the basis for the claims against defendants, including defendant Vroman, cannot be ascertained. Thus, it may be that plaintiff's claims against Vroman are based on conduct unrelated to his prosecutorial duties, but one cannot tell from the text of this convoluted complaint.

9

31 (1976); *Botello*, 413 F.3d at 976 (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case"); *Roe v. City and County of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997) (prosecutor is entitled to absolute immunity for the decision not to prosecute); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.1984) (prosecutors are absolutely immune from civil liability for post-litigation as well as pre-litigation handling of case).

Lastly, the complaint appears to improperly join unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. See Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants must be brought in separate lawsuits.

Accordingly, plaintiff's complaint must be dismissed for failure to comply with Rule 8 and for failure to state a claim. Plaintiff should be granted leave to amend to provide her a further opportunity to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.[7] *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

IV.   Plaintiff's Motions for Injunctive Relief

Plaintiff has filed two separate motions for injunctive relief. ECF Nos. 11, 12. Like the complaint, plaintiff's first motion for preliminary injunction consists largely of plaintiff's general objections to the legal status of marijuana. ECF No. 11 at 4-6. She also complains that a number of individuals, none of which are parties to this action, have either been wrongfully charged or convicted of crimes as a result of the government's "war on drugs." *Id*. Plaintiff's general objections are followed by her request for 23 forms of injunctive relief, including injunctions requiring the release of all inmates imprisoned for marijuana related crimes, law enforcement

---

[7] A dismissal with leave to amend moots plaintiff's motion for leave to amend.

10

cease from conducting all raids concerning marijuana, the removal of various politicians from office, and marijuana's removal from the Controlled Substances Act, to name a few. *Id*. at 10-11.

In her second motion, plaintiff seeks a "cease and desist order" requiring defendants to stop "all social media attacks" and cease "the enlisting of others to physically, verbally, or cyberly harass, defame or assault" plaintiff. ECF No. 12 at 6.

Plaintiff fails to meet the requirements for preliminary injunctive relief. A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*.

Given the complaint's failure to state a claim against any of the named defendants, plaintiff has failed to demonstrate a likelihood of success on the merits. At an irreducible minimum, plaintiff must establish "serious questions going to the merits" of her claims, which she has not done here. *See Alliance for Wild Rockies*, 632 F.3d at 1134-35. Plaintiff also has not shown that the balance of equities tips in her favor or that the injunctions she seeks are in the
/////

11

public interest. Therefore, it is recommended that plaintiff's motions for injunctive relief (ECF Nos. 11, 12) be denied.

V. Defendant Monaco's Motion to Set Aside Default

Also pending is defendant Chris Monaco's motion to set aside the clerk's entry of default. ECF No. 21. Monaco essentially argues that he was not in default at the time of the clerk's entry of default because plaintiff abandoned her original complaint and failed to serve him with an amended complaint. Thus, he had not failed to respond to the operative complaint in the time prescribed by the Federal Rules of Civil Procedure. ECF No. 21-1 at 3-6. Alternatively, he argues (1) that here is good cause to set aside his default, and (2) the request for entry of default was invalid due to technical deficiencies. ECF No. 21-1 at 6-9.

The entry of default is appropriate against a party who has failed to plead or otherwise defend as provide in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). The Federal Rules require that a defendant "serve an answer within 21 days after being served with the summons and complaint . . . ." Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff filed this action on June 27, 2017, purporting to allege claims on behalf of herself and YUBUD Church against the County of Yuba, Jeremy Strang, and Chris Monaco. ECF No. 1. On the same day, plaintiff personally served Monaco with a copy of the summons and complaint. ECF No. 6. Thus, Monaco was required to respond to the complaint by July 19, 2017. *See* Fed. R. Civ. P. 12(a)(1)(A). However, before that date plaintiff filed her first amended complaint. ECF No. 7. After more than 21 days passed from the filing of the amended complaint, plaintiff requested entry of Monaco's default as to the "June 22, 2017" complaint[8] (ECF No. 15), which the clerk subsequently entered (ECF No. 17).

Monaco does not dispute that he was properly served with a copy of the summons and original complaint. Instead, he contends that he did not file a response to that complaint in light of plaintiff filing an amended complaint. Plaintiff's counsel, John Whitefleet, states that he was retained by defendant Monaco on July 12, 2017. Declaration of John Whitefleet ISO Monaco's

---

[8] Presumably, plaintiff intended to write "June 27, 2017," the date of the original complaint.

12

Mot. Set Aside Default (ECF No. 21-2) ¶ 3. Shortly after being retained, counsel reviewed the docket and learned that plaintiff had filed an amended complaint. *Id*. ¶ 4. Counsel further states that he expected the first amended complaint would be promptly served given that plaintiff served the original complaint on the same date it was filed. *Id*. ¶ 9. Prior to going on vacation from July 22 to August 7, 2017, counsel prepared an outline of what he conceived to be the amended complaint's deficiencies with the expectation that the amended complaint would be served within a short period of time, requiring a responsive pleading to be filed shortly after counsel returned from vacation. *Id*. ¶ 10. Upon returning to work, counsel learned that Monaco's default had been entered. *Id*. ¶ 12. Plaintiff, however, never served Monaco with a copy of the amended complaint. *Id*. ¶ 13.

At the time his default was entered, Monaco had not "failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. 55(a). Having been served with the original complaint on June 27, 2017, he was not required to respond to that complaint until July 19, 2017. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring a responsive pleading to be filed within 21 days of service of the complaint). However, once plaintiff filed her amended complaint, Monaco was no longer required to respond to the original complaint. As previously noted, "when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Rhodes*, 621 F.3d at 1005 (internal quotation marks omitted). The amended complaint "completely supersedes any earlier complaint, rendering the original complaint non-existent and, thus, its filing date irrelevant." *Id*.

Under Rule 12(a), Monaco was not required to file his response to the amended complaint until 21 days after service of the amended complaint. Fed. R. Civ. P. 12(a)(1)(A). Mr. Whitefleet's declaration establishes that plaintiff never served Monaco with a copy of the amended complaint[9], a point that plaintiff does not challenge. *See* Pl.'s Opp'n to Mot. to Set

---

[9] Parties represented by counsel and who have made an appearance in a case are generally electronically served with all filed pleadings through the court's Case Management and Electronic Case Filing system. *See* E.D. Cal. L.R. 135. Because Monaco had not yet appeared in this action at the time the amended complaint was filed, he was not electronically served. Thus, plaintiff was required to conventionally serve Monaco pursuant to Rule 5.

13

Aside Default (ECF No. 48). Thus, Monaco had not "failed to plead or otherwise defend" at the time his default was entered.

Accordingly, it is recommended that his motion to set aside his default be granted.

VI. Conclusion

Based on the foregoing, it is hereby ORDERED that the September 29, 2017 order to show cause (ECF No. 33) is discharged and no sanctions are imposed.

Further, it is hereby RECOMMENDED that:

1. Defendants Strang and the County of Yuba's motion to dismiss (ECF No. 23) be denied;

2. Defendants Vroman and Olivera's motions to dismiss and strike all plaintiffs other than Ms. Lepp (ECF Nos. 26, 34) be granted;

3. Defendants Ajax, Vroman, and Olivera's motions to dismiss the complaint for failure to state a claim (ECF Nos. 24, 26, 34) be granted and the amended complaint be dismissed with leave to amend;

4. Plaintiff Lepp's motions for injunctive relief (ECF Nos. 11, 12) be denied;

5. Plaintiff Lepp's motion to amend the complaint (ECF No. 44) be denied as moot;

6. Defendant Chris Monaco's motion to set aside default (ECF No. 21) be granted and the clerk's entry of default as to Monaco be set aside; and

7. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file an amended complaint as provided herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 8, 2018.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE