UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND HEIDI LEPP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YUBA COUNTY, et al.,<br><br>Defendants. | No. 2:17-cv-1317-KJM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Heidi Lepp, purporting to sue on behalf of herself and entities that she identifies as "ONA Sugarloaf Rastafarian Church" and "YUBUD Church," as well as fictitiously named plaintiffs "DOES 1-99,"[1] has filed a motion for a temporary restraining order and a preliminary injunction.[2] ECF No. 81. As explained below, the motion must be denied.[3]

---

[1] As Lepp was previously instructed, she may not bring claims or file pleadings on behalf of others. ECF No. 56 at 7. Although Lepp may represent herself, there is no indication that she is an attorney licensed to practice law and she cannot proceed in this action on behalf of other parties. *See Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another); *Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986) ("The Church is an unincorporated association . . . . Unincorporated associations, like corporations, must appear through an attorney; except in extraordinary circumstances, they cannot be represented by laypersons").

[2] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

According to Lepp, her home was illegally raided by the Yuba County Sherriff's Department in October 2017. *Id*. at 6. In connection with that raid, Ms. Lepp is facing criminal charges for an ordinance violation. *Id*. at 8. Lepp claims that the criminal proceeding against her is "overburdening and hindering the outcome" of the instant civil action. *Id*. She contends that she cannot properly litigate this case without obtaining evidence that was seized in relation to the state court criminal case. *Id*. at 9. She also contends that the criminal proceeding against her is interfering with her First Amendment right to practice her religion. Lepp seeks an injunction that (1) requires the Yuba County Sheriff's Department to return all seized property, (2) prohibits defendants from enforcing criminal charges or otherwise interfering with Lepp's free exercise of religion, and (3) stays the criminal proceedings against Ms. Lepp until resolution of the instant federal case.

The interim relief plaintiff Lepp seeks here is barred by the Younger Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). Under *Younger*, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. *Id*. at 49, 53. Lepp has not shown any extraordinary circumstances that would warrant this court's intervention in the pending state proceedings against her. *See Younger*, 401 U.S. at 45 (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.").

Accordingly, it is hereby ORDERED that the June 13, 2018 hearing on the motion is vacated.

Further, it is RECOMMENDED that Lepp's ex parte application for a temporary restraining order and motion for preliminary injunction (ECF No. 81) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[3] The court has determined that oral argument would not materially assist in resolution of the motion, and the hearing noticed for June 13, 2018, is hereby vacated. E.D. Cal. L.R. 230(g).

2

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 21, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE