UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND HEIDI LEPP, et al., | No. 2:17-cv-1317-KJM-EFB PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| YUBA COUNTY, et al., | |
| Defendants. | |

This action proceeds on plaintiff's second amended complaint, which purports to assert numerous federal and state law claims against 14 defendants. ECF No. 62. On March 12, 2019, plaintiffs were ordered to show cause why their claims against defendant Jeffery Reisig should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or failure to prosecute their claims against him. ECF No. 136. The court also recommended defendant Yuba-Sutter Narcotic Enforcement Team's ("Net-5") default be set aside and plaintiff's claims against the remaining 12 defendants be dismissed without leave to amend.[1] *Id*.

With respect to Net-5, the court observed that the record reflected that Net-5 is an intergovernmental association and, consequently, plaintiffs were required to separately serve each agency and/or officers participating in the Net-5 operations that allegedly resulted in a violation

---

[1] The March 12, 2019 findings and recommendations were subsequently adopted in fully by the assigned district judge. ECF No. 141.

1

of plaintiffs' rights.² *Id*. at 27-28.  The court also noted that setting aside Net-5's default was appropriate because the complaint is wholly deficient and fails to state a claim against any defendant.  *Id*. at 28.

To date, plaintiffs have not showed cause why defendant Reisig should not be dismissed, nor otherwise attempted to demonstrate that Reisig was properly served.  Likewise, there is no indication that plaintiffs attempted to serve each agency and/or officers participating in the Net-5, despite ample time to do so.

Accordingly, it is hereby RECOMMENDED that:

1. The second amended complaint's claims against defendants Reisig and Net-5, the only remaining defendants, be dismissed for failure to timely effect services of process and for lack of prosecution; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 14, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

² The court also concluded that even if Net-5 is a separately legal entity, service still remained defective.  ECF No. 136 at 28; ECF No. 141.